AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida



| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   18-8372-WM |
| GOPAUL PARMANAND, | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____01/29/2018 - 07/31/2018____ in the county of __Palm Beach and elsewhere__ in the
____Southern____ District of ____Florida____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 912 | False Personation of an Officer or Employee of the United States, to wit, a Special Agent of U.S. Immigration and Customs Enforcement |
| 18 U.S.C. § 1001(a)(2) | Making Materially False Statements to a Federal Agent in a Matter Within the Jurisdiction of the Executive Branch, that is, the U.S. Department of Homeland Security, Immigration and Customs Enforcement |

This criminal complaint is based on these facts:

PLEASE SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Thomas Roberts, Special Agent, ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __August 16, 2018__

_____
*Judge's signature*

City and state: _____West Palm Beach, Florida_____

William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### Case No.  18-8372-WM

I, Thomas Roberts, a Special Agent of the Department of Homeland Security, United States Immigration and Customs Enforcement (ICE), Office of Professional Responsibility (OPR), being duly sworn, depose and state as follows:

1.   I have been employed as a Special Agent of ICE since August 2007. While employed by ICE, I have investigated federal criminal violations related to human smuggling, narcotics violations, and impersonation of government officials. Prior to my employment with ICE I worked as a U.S. Customs and Border Protection Officer since 2003.

2. This affidavit is submitted in support of a criminal complaint establishing probable cause that defendant Gopaul PERMANAND (hereinafter "PERMANAND") did: (a) knowingly, willfully, and falsely assume and pretend to be an officer and employee acting under the authority of the United States, and a department, agency, and officer thereof, that is, an officer and employee of the Department of Homeland Security, Immigration and Customs Enforcement, and act as such, in violation of Title 18, United States Code, Section 912; and, (b) knowingly and willfully making one or more materially false, fictitious, or fraudulent statements or representations, to a federal agent in a matter within the jurisdiction of the executive branch, that is, the United States Department of Homeland Security, in violation of Title 18, United States Code, Section 1001(a)(2).

3. The information contained in this affidavit is based on my investigation of this matter, my training and experience, as well as the training and experience of other law enforcement officers.  Since this affidavit is being submitted for the limited purpose of demonstrating probable cause to charge the defendant with the aforementioned offense, it does not

purport to contain all the information known to me or other law enforcement officers involved in this investigation.

4.  On July 31, 2018, Special Agents with ICE OPR responded to the Port of Palm Beach located at One East 11th Street Riviera Beach, Palm Beach County, Southern District of Florida 33404. Special Agent Christopher Rifenberg, with Homeland Security Investigations (HSI) had received a duty call from U.S. Customs and Border Protection (CBP) regarding passenger PERMANAND arriving aboard the Marine Vessel (M/V) Grand Celebration. The M/V Grand Celebration was returning from a two-day voyage that originated at the Port of Palm Beach on January 29, 2018, with a stop in Freeport, Bahamas. Information had been received by CBP from the staff of the M/V Grand Celebration that PERMANAND was impersonating an ICE or CBP agent during the voyage and to Bahamian Border Officials.

5.  ICE OPR Special Agents spoke with CBP Officer Elizer Mercado who conducted the secondary examination of PERMANAND upon entry into the U.S. at the Port of Palm Beach. Officer Mercado conducted an examination of PERMANAND's luggage after receiving a binding declaration, acknowledging ownership of his luggage, and intent to reenter the United States, and found a police-style neck chain badge holder with no badge. Officer Mercado asked PERMANAND several times where the badge that went along with the neck chain holder was, and PERMANAND continued to state that he did not have a badge. After several attempts PERMANAND's wife told PERMANAND something and PERMANAND retrieved a silver in color money clip in the shape of a badge that bore the exact likeness of an ICE Special Agent badge with the seal of the Department of Homeland Security at its center, from a piece of clothing in another piece

of luggage. At that time Officer Mercado ceased questioning and waited for the arrival of ICE OPR Special Agents.

6.  ICE OPR Special Agents spoke with LGR, the Shore excursion manager for the M/V Grand Celebration.  LGR stated that on Sunday, July 29, 2018, he remembered seeing PARMANAND on the top deck dancing by himself. Shortly thereafter, LGR encountered PARMANAND at the shore excursion desk on deck five. PARMANAND approached the desk out of line, and asked how he could connect to the internet because he had to check his work emails. PARMANAND then proceeded to show LGR a silver in color badge that was in PARMANAND's wallet and stated that he was "Police ICE." LGR proceeded to provide PARMANAND with the same instructions that are provided to all the ship's occupants. According to ships personnel, the M/V Grand Celebration departed the Port of Palm Beach at 6:00PM on July 29, 2018. The ship traveled at eight point five knots and was located at three nautical miles from the Port of Palm Beach at 6:30 PM on July 29, 2018.

7.  ICE OPR Special Agents also interviewed SM, a ship's security guard aboard the M/V Grand Celebration. SM stated that on the morning of July 30, 2018 he was posted at the debarkation door to assist passengers and crew exiting the ship into Freeport, Bahamas. SM encountered PARMANAND as he was attempting to exit the ship to enter Freeport, Bahamas. PARMANAND approached SM and said he wanted to disembark the ship. SM stated that PARMANAND had a drink in his hand, and that he (SM) advised PARMANAND that the glass had to be left behind and that he needed PARMANAND's white passenger card to scan it for exiting the ship. PARMANAND began to look for the white card in his wallet. At that time SM noticed what appeared to be a silver in color

badge with a neck chain attached to it in PARMANAND'S wallet. PARMANAND then gave Mohol the white ship's ID card and disembarked the ship.

8.   SM further advised that approximately ten minutes after disembarking the ship, PARMANAND returned to the ship. While presenting his ship's ID card PARMANAND began to ask security-related questions to SM regarding how the security staff tracked passengers and criminals aboard the ship.  SM advised that he could not speak about the ship's security protocols and advised PARMANAND to go to the customer service desk if he wanted to speak with a ship's security supervisor. Shortly thereafter, Bahamian Immigration and Police came on board the ship and spoke with AS, the ship's chief security officer. Later in the day SM encountered PARMANAND and his family attempting to disembark the ship into Freeport, Bahamas. PARMANAND was advised that he and his family were blocked from exiting the ship. SM advised PARMANAND if he wanted more information he could inquire at the customer service desk.

9.   ICE OPR Special Agent Robert Richardson telephonically contacted Ms. Dawn Clarke, Immigration Officer Bahamas for Freeport Harbor, Grand Bahamas. Special Agent Richardson identified himself to Officer Clarke and inquired about her encounter with PARMANAND. Officer Clarke stated that on July 30, 2018, sometime after 10:00 a.m., PARMANAND was the first passenger from the M/V Grand Celebration to process for entry into the Bahamas. PARMANAND began asking questions regarding the security process and the types of equipment used by the Bahamian authorities. PARMANAND was referred to a Supervisor's section to address his questions. In that section PARMANAND began asking questions related to the forms used to enter the country and if he could take the forms back to the ship. PARMANAND then began asking how the

authorities tracked people coming in and out of the country, and whether the form that was given to him had a chip in it. Officer Clarke stated that PARMANAND kept looking around for his identification and asked about the security cameras. Officer Clarke then asked PARMANAND who he was, and PARMANAND responded, "U.S. Immigration Officer." Officer Clarke asked PARMANAND if he was stationed in the Bahamas, to which PARMANAND stated that he was stationed in Washington, D.C.  Officer Clarke then asked PARMANAND for an official identification, PARMANAND began looking through his wallet but then stated that he had forgotten it aboard the ship and would go and retrieve it. At that point PARMANAND returned to the ship.  Thereafter, Officer Clarke and two other Bahamian Officers then went on the ship and notified ship's security of the incident, and denied PARMANAND and his family entry into the Bahamas.

10. On July 31, 2018, at approximately 12:30 p.m., your affiant and ICE Special Agent Villanucci began the interview of PARMANAND. Said interview was recorded. PARMANAND stated that he lived at 664 Holly Drive Palm Beach Gardens, Florida. PARMANAND was read and acknowledged his statement of rights in writing, and subsequently waived those rights and spoke with the ICE OPR Special Agents present. PARMANAND was shown the silver in color badge that was found during his inspection and acknowledged that the badge was his. PARMANAND stated that he purchased the badge from an unknown website for more than fifty dollars but less than seventy-five dollars. PARMANAND was asked on several occasions if he presented the badge to any crew members aboard the ship, or identify himself as an ICE Special Agent or CBP Special Agent, to which PARMANAND stated "no," denying that he has done so several times. PARMANAND was asked on several occasions if he presented himself as an ICE

5

Special Agent or CBP Special Agent to Bahamian authorities when he arrived in Freeport, Bahamas, to which PARMANAND responded he never stated he was any type of official. PARMANAND stated that the badge was in his room in a bag for the entire voyage and the badge never left the room. PARMANAND was read and acknowledged in writing Department of Homeland Security, U.S. Immigration and Customs Enforcement, Advisement of Title 18, United States Code, Section 1001. PARMANAND continued stating that at no point during his voyage did he ever present the silver in color ICE Special Agent badge to any crewmembers or government officials. PARMANAND also continued stating that he never stated that he was an ICE Special Agent or CBP Special Agent to any crew members or government officials. The interview was terminated at approximately 1:27 p.m.

11. At approximately 2:19 p.m., your affiant and Special Agent Villanucci reinitiated PARMANAND's recorded interview. PARMANAND was advised that his prior statement of rights and admonition concerning Title 18, United States Code, Section 1001, were still in effect, which PARMANAND acknowledged understanding. PARMANAND was asked if would like to change any statements that he made prior and PARMANAND stated that he did not. PARMANAND was also asked once again if he ever presented the silver in color badge to anyone aboard the ship, or state to anyone on the ship or government official that he was an Immigration Official, to which he stated he never did. The interview ended at approximately 2:27 p.m. PARMANAND was released shortly thereafter from the Port of Palm Beach.

12. On August 8, 2018, your affiant and ICE Special Agent Louzado returned to the Port of Palm Beach to meet with the Chief Security Officer to obtain any video footage of

PARMANAND on the M/V Grand Celebration. Chief Security Officer AS provided ICE OPR Agents Roberts and Louzado the video footage that was available. Chief Security Officer AS advised that there was another crewmember that had an interaction with PARMANAND, wherein PARMANAND stated that he was an ICE Special Agent.

13. At approximately 10:45 a.m., your affiant and Special Agent Louzado spoke with DS, Head waiter aboard the M/V Grand Celebration. DS stated that on the night of Monday, July 30, 2018, he was working as the head waiter on the Lido deck of the ship. DS said that PARMANAND came up to him and introduced himself and stated that he was an ICE Agent and showed Satria the silver in color badge. PARMANAND asked that DS take a photograph with PARMANAND and his family. DS commented on a star lapel pin that PARMANAND was wearing and PARMANAND took it off and gave it to DS as a gift. DS said that PARMANAND stated "tell the Chief of Security that I gave you the pin and tell him that I PARMANAND am one of the ICE Agents."  After that encounter DS had no further interaction with PARMANAND.

14. Indices checks conducted by your affiant revealed that the M/V Grand Celebration is owned by Bahamas Paradise Cruise Line, LLC. A check of the Florida State Division of Corporations website lists Bahamas Paradise Cruise Lines as a Florida corporation, whose principal place of address is listed as 100 W. Cypress Creek Road Suite 640, Fort Lauderdale, Florida 33309, a location I am aware is within the Southern District of Florida and the United States of America.

15. Based upon the foregoing information, your affiant respectfully submits that: (a) on or about July 29, 2018, while in Southern District of Florida and the special maritime and territorial jurisdiction of the United States, defendant Gopaul PARMANAND did

knowingly, willfully, and falsely assume and pretend to be an officer and employee acting

under the authority of the United States, and a department, agency, and officer thereof,

that is, an officer and employee of the Department of Homeland Security, Immigration

and Customs Enforcement, and acted as such,  to LGR, the Shore excursion manager for

the M/V Grand Celebration, in violation of Title 18, United States Code, Section 912; and,

(b)  on or about July 31, 2018, defendant PARMANAND did knowingly and willfully

making  one  or  more  materially  false,  fictitious,  or  fraudulent  statements  or

representations, to a federal agent in a matter within the jurisdiction of the executive

branch, that is, the United States Department of Homeland Security, in violation of Title

18, United States Code, Section 1001(a)(2).

FURTHER YOUR AFFIANT SAYETH NAUGHT


Thomas Roberts, Senior Special Agent
Immigration and Customs Enforcement
Office of Professional Responsibility


SWORN TO AND SUBSCRIBED BEFORE
ME THIS _16th_ DAY OF AUGUST, 2018, AT
WEST PALM BEACH, FLORIDA.


**HON. WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name:   __GOPAUL PARMANAND_____

Case No.:   ___18-8372-WM_____

**Count # 1**
False Personation of an Officer or Employee of the United States, to wit, a Special
Agent of U.S. Immigration and Customs Enforcement
Title 18, United States Code, Section 912

**Max. Penalty**: 0-3 years' imprisonment; $250,000 fine; 0-1 years' supervised release:
and, a $100.00 special assessment.

**Count # 2**
Making Materially False Statements to a Federal Agent in a Matter Within the
Jurisdiction of the Executive Branch, that is, the U.S. Department of Homeland Security,
Immigration and Customs Enforcement
Title 18, United States Code, Section 1001(a)(2)

**Max. Penalty**: 0-5 years' imprisonment; $250,000 fine; 0-3 years' supervised release:
and, a $100.00 special assessment.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-8372-WM**

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

**vs.**

**GOPAUL PARMANAND,**

                **Defendant.**

_____/

### CRIMINAL COVER SHEET

1.    Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

      Yes         X **No**

2.    Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

      Yes         X **No**

3.    Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

      Yes         X **No**

                    Respectfully submitted,

                    BENJAMIN G. GREENBERG
                    UNITED STATES ATTORNEY

BY:                           
                    JOHN C. McMILLAN
                    ASSISTANT UNITED STATES ATTORNEY
                    Admin. No. A5500228
                    500 S. Australian Ave., Suite 400
                    West Palm Beach, FL 33401
                    Office:   (561) 820-8711
                    John.mcmillan@usdoj.gov