UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cr-80182-Rosenberg

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GOPAUL PARMANAND,

    Defendant.
_____/

FILED BY KJZ D.C.

Feb 3, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PROBATION VIOLATIONS

### I. Background

The Defendant, GOPAUL PARMANAND, appeared before the Court on February 3, 2021, for a status conference re: final hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") [DE 38]. At the hearing, Defendant and his counsel advised the Court that Defendant wished to admit the two probation violations pending against him. The Court therefore engaged in a colloquy with Defendant to ensure that his admissions were knowing and voluntary.

Defendant waived his right to be physically present in the Courtroom and consented to appear via Zoom video conference (VTC) for the hearing. The Court found that Defendant knowingly and voluntarily and with the advice of competent counsel waived his personal presence in the courtroom on February 3, 2021, and agreed to appear by Zoom VTC for the hearing. Because the Court also found that the hearing could not be delayed without serious harm to the interests of

1

justice, the hearing was conducted by Zoom VTC.

Defendant was originally convicted in the Southern District of Florida of false personation of an officer or employee of the United States, in violation of 18 U.S.C. §912, a Class E felony. On January 28, 2019, the Honorable Robin L. Rosenberg, United States District Judge, sentenced Defendant to two years' probation with the special condition that Defendant perform 50 hours of community service. Defendant's term of probation commenced on January 18, 2019. On September 25, 2019, the Court was notified that Defendant had been arrested for driving under the influence. Defendant's probation was modified to include substance abuse treatment, 90 days of location monitoring, and an additional special condition that he abstain from alcohol while on supervision.

Defendant is now charged with the following violations of his probation in the Petition [DE 38]:

1. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about October 4, 2020, in Palm Beach County, FL, Defendant did commit driving under the influence, contrary to Florida Statute 316.193(1A).
2. **Violation of Special Condition**, by failing to abstain from the use of alcoholic beverages during the duration of supervision. According to the Petition, on October 4, 2020, Defendant submitted to a field sobriety test observed by Riviera Beach Police Officer Charelus that returned a blood alcohol level of .221.

## II. Summary of Hearing

At the February 3, 2021 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those

rights, Defendant stated that he waived his right to a final revocation hearing.

Additionally, after being advised of his rights and the maximum penalties he is facing, Defendant admitted to allegations #1 and 2 as alleged in the Petition. The Court finds that Defendant made his waiver and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to allegations #1 and 2, as well as its review of the record, the Court finds by a preponderance of the evidence that Defendant committed allegations #1 and 2 as alleged in the Petition [DE 38].

### III.     Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable Robin L. Rosenberg, United States District Judge, find that Defendant has violated the terms and conditions of his probation as alleged in violations #1 and 2 of the Petition [DE 38]. The Court further recommends that Judge Rosenberg schedule a sentencing hearing on allegations #1 and 2.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Robin L. Rosenberg. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 3rd day of February, 2021.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge